PERRY COUNTY, Appellant,

v.

Tolbert COMBS, Appellee.

Court of Appeals of Kentucky.

June 22, 1956.

Rehearing Denied Oct. 5, 1956.

Alva A. Hollon, Hazard, for appellant.

W. M. Melton, Hazard, for appellee.

CLAY, Commissioner.

This is a suit by plaintiff appellant, Perry County, to recover from defendant appellee, the county attorney, excessive fees allegedly collected during the years 1950–53. In 1950 defendant's compensation as a public official was limited to $6,100 and for the years 1951, 1952 and 1953 the limit was $7,200. KRS 64.670; Kentucky Constitution, § 246.

The case was tried by the court without a jury. At the conclusion of plaintiff's

evidence, the complaint was dismissed on the ground "that plaintiff has failed to make a case against defendant".

■ Plaintiff first contends the trial court erred in failing to make findings of fact and conclusions of law under CR 52.01. Clearly this type of ruling does not call for specific findings or conclusions. The judgment was entered on defendant's motion for a directed verdict. Properly this motion should have been, and was treated as, a motion to dismiss under CR 41.02 on the ground that the plaintiff had shown no right to relief. Findings of fact and conclusions of law are not required when the court rules on such a motion for the obvious reason that no issue of fact is presented and the ruling itself is the only possible conclusion of law. Both CR 41.02 and CR 52.01 implicitly recognize this.

Plaintiff's second contention is that sufficient evidence was introduced to make a prima facie case against the defendant. For our purposes an examination of the evidence relating to the year 1950 will suffice.

It is admitted by defendant that in the year 1950 he received from the State Treasurer $4,657.71 as commission for fines and forfeitures. He also admitted the receipt of a salary from Perry County in the amount of $1,000. This totals $5,657.71. If defendant received additional compensation as much as or exceeding $500, he went over the statutory limit of $6,100.

■ The principal evidence introduced by plaintiff consisted of the testimony of a qualified accountant who had made an audit of books, records and reports relating to items upon which the fees of county attorneys are based. He testified that the books of the county clerk showed the collection of delinquent taxes in such an amount that 15 percent thereof for the year 1950 was $1,028.30. Under KRS 134.-500(3) the county attorney is entitled to a fee of 20 percent, but the auditor charged defendant with 15 percent of the amount collected because he said he understood there was an agreement between the county

clerk and defendant to allow that percentage. (We do not think the county attorney may lawfully give away five percent of the fees to which he is entitled and disclaim this as compensation.) However that may be, the county clerk's records show (as testified to by the auditor) that defendant should have been paid at least the sum of $1,028.30 as commission for collection of delinquent taxes.

The defendant was called as a witness by the plaintiff and was asked about this item. He did not deny receiving such commission, but gave the equivocal answer, "I hardly believe it was that much". On the basis of this answer, a court or jury could reasonably infer that this commission or a substantial portion of it was paid to the defendant and such payment carried defendant's compensation beyond the statutory limit of $6,100 for the year 1950.

■ In addition to the above, the circuit clerk filed in evidence his Fines and Forfeitures Book which showed fines collected in the county court and in the magistrates' courts. Under KRS 69.260(2) the county attorney is entitled to receive a fee of $5 when fines before a county judge or magistrate are less than $25. As testified to by the auditor, on the basis of these fines for the year 1950, the county attorney was entitled under the statute to more than $6,-000.

Several magistrates were called as witnesses. There was an astounding absence of records, but each of the magistrates stated that defendant had received his lawful fee on some of the fines. On the basis of this testimony, and in view of the fact that defendant admitted receiving some of these $5 fees and testified that he had never waived any of them, a court or jury could reasonably determine that the defendant had received a substantial amount by way of these fees.

■ It is thus apparent the plaintiff introduced sufficient evidence to create a real issue as to whether or not he had received compensation in excess of that allowed by statute and the Kentucky Constitution, and

with respect to the amount thereof. It is, of course, possible the defendant can prove the records are incorrect, or that he did not receive the commissions and fees to which he was entitled under the law. Being a public official, he should be in a position to establish that he was not paid public monies to which he was not entitled. In any event, in the absence of rebutting evidence, the plaintiff introduced sufficient evidence to sustain its claim.

This is another example of the difficulties that arise in the operation and administration of the fee system for the payment of public officials.

We are of the opinion the trial court erroneously entered a judgment for the defendant at the conclusion of the plaintiff's evidence, and the plaintiff should be granted a new trial.

The judgment is reversed with directions to set it aside and grant the plaintiff a new trial.

HOGG, J., not sitting.